UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
INEZ NICAISSE,

                       Plaintiff,

        -against-

STEPHENS AND MICHAELS
ASSOCIATES, INC.,

                      Defendant.
------------------------------------x

MEMORANDUM & ORDER
14-CV-1570(JS)(GRB)

FILED
CLERK

12/28/2015 12:41 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

APPEARANCES
For Plaintiff:     Yitzchak Zelman, Esq.
                  Marcus & Zelman, LLC
                  1500 Allaire Avenue, Suite 101
                  Ocean, NJ 07712

For Defendant:    Sabato P. Fiano, Esq.
                  Zeldes, Needle & Cooper, P.C.
                  1000 Lafayette Blvd., Suite 500
                  Bridgeport, CT 06604

SEYBERT, District Judge:

        Currently pending before the Court is a motion for summary judgment filed by plaintiff Inez Nicaisse ("Plaintiff"). For the following reasons, Plaintiff's motion is GRANTED.

BACKGROUND[1]

I.    Factual Background

        Plaintiff resides in Central Islip, New York, with her thirty-one year old daughter, Jessica Leriche ("Jessica"). (Pl.'s

---

[1] The following material facts are drawn from Plaintiff's Local Civil Rule 56.1 Statement (Pl.'s 56.1 Stmt., Docket Entry 24-3) and Defendant's Local Civil Rule 56.1 Counterstatement (Def.'s 56.1 Counterstmt., Docket Entry 27). Any relevant factual disputes are noted.

56.1 Stmt. ¶¶ 1-2, 4, 7.) Plaintiff alleges that she maintains a landline phone number (the "Phone Number") that is also used by Jessica and her siblings. (Pl.'s 56.1 Stmt. ¶¶ 8-9.) Jessica routinely provides the Phone Number to individuals and she receives personal calls on the Phone Number approximately every day. (Pl.'s 56.1 Stmt. ¶¶ 14-15.)

The Phone Number is connected to an external answering machine (the "Answering Machine"). (Pl.'s 56.1 Stmt. ¶ 10.) All members of Plaintiff's household have permission to listen to messages recorded on the Answering Machine. (Pl.'s 56.1 Stmt. ¶ 3.) Messages can be overheard in the kitchen when they are played or recorded on the Answering Machine. (Pl.'s 56.1 Stmt. ¶ 21.)

On September 9, 2013, Jessica listened to a message from defendant Stephens and Michaels ("Defendant") that was left on the Answering Machine (the "Message"). (Pl.'s 56.1 Stmt. ¶ 16.) The Message stated the following:

> This is a private message for Inez Nicaisse. Inez Nicaisse, do not listen to this message in the presence of others. By continuing to listen to this message, you acknowledge that this message is not being heard by others. This is a communication from a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. Please contact Stephens and Michaels regarding the personal matter at (866) 679-9649.

(Pl.'s 56.1 Stmt. ¶ 17.)  Jessica heard Defendant's Message as it was being recorded and was unable to stop the recording.  (Pl.'s 56.1 Stmt. ¶ 22.)

Defendant disputes certain of Plaintiff's allegations based on her representation during discovery that she is not in possession of any telephone bill for the Phone Number for the time period of August 1, 2013 to December 31, 2013.  (Def.'s 56.1 Counterstmt. ¶ 8.)  As a result of Plaintiff's failure to produce telephone bills, Defendant avers that there are issues of fact as to whether: (1) the Phone Number was used by Plaintiff, Jessica, and other members of the household; (2) the Phone Number was connected to an external answering machine; (3) all of the members of Plaintiff's household were permitted to listen to messages recorded on the Answering Machine; (4) Jessica received personal calls at the Phone Number; (5) Jessica listened to the Message on the Answering Machine.  (Def.'s Counterstmt. ¶¶ 8-11, 13-15.)  However, Defendant admits that the Message was "overheard by Jessica Leriche."  (Def.'s Counterstmt. ¶ 17.)

## II.  Procedural Background

On March 10, 2014, Plaintiff commenced this action against Defendant, individually and on behalf of a putative class, alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") (specifically, 15 U.S.C. §§ 1692c(b), 1692(d)(6), and 1692(e)) by communicating to Jessica that

Plaintiff was being contacted by a debt collector with respect to a debt; failing to properly identify the Defendant in the Message; and using a pre-recorded script that deliberately mispronounces Defendant's company name to give the impression that an individual is calling and "conceal[s] Defendant's identity in an effort to induce consumers to call seeking further information." (Compl., Docket Entry 1, ¶¶ 28-33.) The Complaint seeks statutory damages and attorneys' fees and costs pursuant to 15 U.S.C. § 1692k. (See generally Compl.)

A review of the docket indicates that Plaintiff has not moved for class certification.

III. Plaintiff's Motion for Summary Judgment

On August 21, 2015, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 56 seeking an award of summary judgment along with statutory damages, attorney's fees, and costs. (Pl.'s Mot., Docket Entry 24.) Plaintiff alleges that there is no dispute as to Defendant's FDCPA liability under 15 U.S.C. § 1692c(b) because Defendant communicated with a third-party when Jessica overheard the Message. (Pl.'s Br., Docket Entry 24-6, at 5.) Plaintiff requests the $1,000 maximum amount of statutory damages available under the FDCPA along with her attorney's fees and costs for a total of $19,749.50. (Pl.'s Br. at 9, 11.) Plaintiff is not seeking actual damages. (See generally Pl.'s Br.)

Defendant argues that summary judgment is inappropriate because Plaintiff failed to submit a declaration from Jessica in conjunction with her summary judgment motion and instead relied on inadmissible hearsay contained within her own declaration. (Def.'s Br., Docket Entry 26, at 3.)  Defendant also avers that Jessica's deposition testimony raises issues of material fact because it is "fraught with credibility and memory issues . . . as to whether Ms. Leriche ever in fact heard any voice mail message left by the Defendant in connection with the collection of a debt from the Plaintiff."  (Def.'s Br. at 3.)  Defendant argues that the Court should not award Plaintiff the maximum statutory damages of $1,000 as this case only involves one voice mail overheard by a third party that did not contain "abusive or harassing language." (Def.'s Br. at 5-6.)  Defendant also argues that the Court should reserve judgment on Plaintiff's premature counsel fee application until such time that the Plaintiff is awarded summary judgment. (Def.'s Br. at 6.)

Plaintiff counters that Jessica's deposition testimony is "clearly referenced" in her Rule 56.1 Statement and notes that "the Defendant's Rule 56.1 Counter-Statement of Facts admits that Jessica Leriche overheard this [subject] voicemail." (Pl.'s Reply Br., Docket Entry 28, at 3 (emphasis in original).)  Plaintiff also requests an opportunity to supplement her counsel fee

application to include time expended regarding her reply brief.
(Pl.'s Reply at 4.)

DISCUSSION

Summary judgment will be granted where the movant demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine factual issue exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed 2d 202 (1986). In determining whether an award of summary judgment is appropriate, the Court considers the pleadings, deposition testimony, interrogatory responses, and admissions on file, together with other firsthand information that includes but is not limited to affidavits. Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011); see also FED. R. CIV. P. 56(c).

The movant bears the burden of establishing that there are no genuine issues of material fact. Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994). Once the movant makes such a showing, the non-movant must proffer specific facts demonstrating "a genuine issue for trial." Giglio v. Buonnadonna Shoprite LLC, No. 06-CV-5191, 2009 WL 3150431, at *4 (E.D.N.Y. Sept. 25, 2009) (internal quotation marks and citation omitted). Conclusory allegations or denials will not defeat

6

summary judgment.  <u>Williams v. Smith,</u> 781 F.2d 319, 323 (2d Cir.

1986).  <u>See</u> <u>also</u> <u>Bryant v. Maffucci</u>, 923 F.2d 979, 982 (2d Cir.

1991) (A motion for summary judgment will not be defeated based

"merely upon a 'metaphysical doubt concerning the facts' or on the

basis of conjecture.") (internal citations omitted).  However, in

reviewing the summary judgment record, "'the court is required to

resolve all ambiguities and draw all permissible factual

inferences in favor of the party against whom summary judgment is

sought.'" <u>Sheet Metal Workers' Nat'l Pension Fund v. Vadaris Tech.</u>

<u>Inc.</u>, No. 13-CV-5286, 2015 WL 6449420, at *2 (E.D.N.Y. Oct. 23,

2015) (quoting <u>McLee v. Chrysler Corp.</u>, 109 F.3d 130, 134 (2d Cir.

1997)).

I.    FDCPA Liability

    A.    <u>Legal Standard</u>

         The purpose of the FDCPA is to "eliminate abusive debt

collection practices by debt collectors, to insure that those debt

collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote

consistent State action to protect consumers against debt

collection abuses."  15 U.S.C. § 1692(e).  <u>See</u> <u>also</u> <u>Zweigenhaft v.</u>

<u>Receivables Performance Mgmt., LLC</u>, No. 14-CV-1074, 2014 WL

6085912, at *1 (E.D.N.Y. Nov. 13, 2014) (Noting that one of the

abusive practices the FDCPA seeks to eliminate is the disclosure

of "a consumer's personal affairs to friends, neighbors, or an employer.") (internal quotation marks and citation omitted).

Three threshold requirements must be satisfied for a plaintiff to recover pursuant to the FDCPA: (1) plaintiff is a "consumer"; (2) defendant is a "debt collector"; and (3) defendant's act or omission violated the FDCPA. Friedman v. Sharinn & Lipshie, P.C., No. 12-CV-3452, 2013 WL 1873302, at *3-4 (E.D.N.Y. Mar. 28, 2013), report and recommendation adopted, 2013 WL 1869924 (E.D.N.Y. May 3, 2013). The FDCPA is a strict liability statute and a consumer is not required to establish intentional conduct on the part of the debt collector to be awarded damages. Easterling v. Collecto, Inc., 692 F.3d 229, 234 (2d Cir. 2012). However, an exception exists where "the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

FDCPA Section 1692c provides that unless a debt collector has the consumer's prior consent or the permission of the court, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b). While

the FDCPA permits third-party communications for the limited purpose of discerning the location of a debtor, "the content of these communications is strictly defined, and the debt collector cannot disclose that the debtor owes any debt." Marisco v. NCO Fin. Sys., Inc., 946 F. Supp. 2d 287, 291 (E.D.N.Y. May 23, 2013) (citing 15 U.S.C. § 1692b(2)). Voicemail and answering machine messages qualify as "communications" under the FDCPA. Id.

The District Courts in this Circuit have reached different results regarding FDCPA liability for phone messages overheard by third-parties. In the Marisco matter, the defendant repeatedly left the following pre-recorded message on the plaintiff's answering machine:

> This is an important message from NCO Financial Systems, Inc. The law requires that we notify that this is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call Mack Harris today at 800-883-0613. Once again that number is 800-883-0613. Thank you.

Marisco, 946 F. Supp. 2d at 289. This message was overheard by the plaintiff's mother-in-law on at least one occasion. Id.

In denying defendant's motion to dismiss, the court rejected the argument that the FDCPA only prohibits the deliberate disclosure of information regarding a consumer's debt and does not prohibit inadvertent disclosures. Id. at 290, 292. The Marisco Court noted that the FDCPA is a strict liability statute and held

that "if Congress had intended to engraft an 'intent' or 'knowledge' element to state a cause of action under 15 U.S.C. § 1692c(b), it clearly would have done so." Id. at 293 (citation omitted).

The Marisco Court also rejected the argument that penalizing debt collectors for inadvertent disclosures to third-parties provides them with the untenable choice of complying with the FDCPA's requirement that debt collectors identify themselves in messages to debtors[2] or complying with Section 1692c(b)'s privacy requirement. Id. at 293-94. The court instead adopted the reasoning set forth in Leyse v. Corp. Collection Servs., Inc., No. 03-CV-8491, 2006 WL 2708451 (S.D.N.Y. Sept. 18, 2006) that "'[t]he Court has no authority to carve an exception out of the statute just so [the defendant] may use the technology they have deemed most efficient . . . [The defendant] has been cornered between a rock and a hard place . . . because the method they have selected to collect debts has put them there.'" Marisco, 946 F. Supp. 2d at 294 (quoting Leyse, 2006 WL 2708451, at *5.)

Similarly, the Friedman Court held, in the context of a motion for default judgment, that the plaintiff stated a valid

_____

[2] 15 U.S.C. § 1692e(11) provides that a debt collector violates the FDCPA when its initial written or oral communication to the consumer fails to disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose . . . ."

10

claim for a violation of Sections 1692b(2) and 1692c(b) where defendant left multiple messages on the plaintiff's answering machine that contained personal and confidential information and stated that "the message 'was an attempt to collect a debt.'" Friedman, 2013 WL 1873302, at *1 (citations omitted). The messages were heard by one or more third parties, including plaintiff's daughter. Id. The Court noted that while there did not appear to be Second Circuit precedent with respect to messages that "instruct third parties to stop listening before the content of the message is revealed" (as was the case in three of the subject messages), district courts in other circuits have held that such a warning does not obviate liability under Section 1692c(b). Id. at *5 (collecting cases).

However, the Marisco and Friedman decisions stand in contrast to those in the matters of Zweigenhaft and Mostiller v. Chase Asset Recovery Corp., 09-CV-0218A, 2010 WL 335023, (W.D.N.Y. Jan. 22, 2010). In Zweigenhaft, the defendant called the plaintiff and left the following voicemail: "We have an important message from RPM. This is a call from a debt collector. Please call 1(856)212-7408." Zweigenhaft, 2014 WL 6085912, at *1. Plaintiff's son heard the message, returned the call, and engaged in a brief conversation with one of defendant's representatives in which the representative asked for the caller's phone number and asked if she was speaking with the plaintiff. When plaintiff's son replied

that he was not the plaintiff, the representative said that she would take his number "off the list" and ended the call.  Id.

The Zweigenhaft Court held that the defendant did not violate the FDCPA's prohibition on third-party communications and granted summary judgment to the defendant.  Id.  Noting the division in judicial decisions addressing whether overheard voicemails violate Section 1692, the court distinguished the case as "somewhat different" in that there was both an overheard voicemail and a follow-up phone call between the son and the defendant in which the son received two pieces of information: (1) that a debt collector had called and (2) that the call was for his father.  Id. at *3.  The court held that finding the defendant liable under the FDCPA would "place an undue restriction on an ethical debt collector in light of our society's common use of communication technology."  Id. at *4.  The court noted that the defendant left plaintiff one message that provided the minimum amount of information to comply with the FDCPA and protect his privacy, and that during the follow-up call, defendant's representative only mentioned plaintiff's name after she verified that someone was calling from his number.  Id.  Parenthetically, the court asserted that the FDCPA is "out of touch with modern communication technology" and held that it would defy both common sense and the FDCPA's purpose to categorize defendant's actions as a statutory violation.  Id. at *3.

Additionally, in <u>Mostiller</u>, the Court rejected plaintiff's claims for actual damages[3] in connection with an overheard phone message. Plaintiff alleged that her fiancée overheard a phone message left by the defendant that stated, in relevant part: "This is for Anita. Um, my name is Frank with Chase Asset Recovery . . . uh, the account for the motorcycle will be turned over to the county . . . because Raphael cannot be located so we we're gonna need to take action against you." <u>Mostiller</u>, 2010 WL 335023, at *1, 3. The court held that Plaintiff failed to allege that defendant knew or could reasonably anticipate that her fiancée would overhear the message, and did not allege that defendant intended to embarrass her by leaving the phone message. <u>Id.</u> at *3. The court cited to the matter of <u>Mark v. J.C. Christensen & Assocs., Inc.</u>, No. 09-CV-0100, 2009 WL 2407700 (D. Minn. Aug. 4, 2009), for the proposition that "'[t]he FDCPA was intended to protect against deliberate disclosures to third parties as a method of embarrassing the consumer, not to protect against the risk of an inadvertent disclosure that could occur if

---

[3] 15 U.S.C. § 1692k(a)(1) provides for an award of "any actual damage sustained by such person as a result of such failure [to comply with the FDCPA]." As noted by the <u>Mostiller</u> Court, "[a]ctual damages compensate a plaintiff for out of pocket expenses, personal humiliation, embarrassment, mental anguish, and/or emotional distress that results from defendant's failure to comply with the FDCPA." <u>Mostiller</u>, 2010 WL 335023, at *3 (internal quotation marks and citation omitted).

another person unintentionally overheard the messages left on [plaintiff's] answering machine.'" Id. (quoting Mark, 2009 WL 2407700, at *5). Nevertheless, the court awarded the plaintiff $150 in statutory damages, noting that it could "understand why plaintiff would have felt upset about the telephone message that defendant left" but the complaint did not contain allegations of repeated telephone calls or threats of litigation. Id. at *2.

This Court interprets these divergent decisions as drawing a distinction between debt collector phone messages that contain confidential information and/or note that the call is an attempt to collect a debt, and debt collector phone messages that "'convey[ed] no more information than a hang-up call' would via caller id information." Zweigenhaft, 2014 WL 6085912, at *3 (alteration in original). The Marisco phone message expressly stated that "[t]his is an attempt to collect a debt," as did the messages in Friedman. Marisco, 946 F. Supp. 2d at 289; Friedman, 2013 WL 1873302, at *5 n.10. Conversely, the phone message and follow-up call in Zweigenhaft revealed nothing more than that the defendant was a debt collector that was trying to reach the plaintiff. Zweigenhaft, 2014 WL 6085912, at *1. While the Mostiller Court rejected plaintiff's claim for actual damages based on the defendant's alleged FDCPA violation regarding an overheard phone message that stated "we're gonna [sic] need to

14

take action against you," the court did, in fact, award statutory damages.  <u>Mostiller</u>, 2010 WL 335023, at *1.

Nevertheless, this issue is complicated by FDCPA Section 1692e(11), which requires debt collectors to state in their initial oral or written communications with consumers that they are "attempting to collect a debt and that any information obtained will be used for that purpose."  15 U.S.C. § 1692e(11).  Indeed, the <u>Leyse</u> Court--which addressed a claim under Section 1692e(11) regarding a phone message in which the defendant did not identify itself as a debt collector or mention debt collection--cautioned that if it were to hold that the subject message was not an FDCPA "communication" regarding a debt, it would create an exception that would "swallow the rule" and provide debt collectors with carte blanche to "abuse and harass consumers with phone calls and other forms of correspondence so long as there is no express mention of the consumers' debts."  <u>Leyse</u>, 2006 WL 2708451, at *6.

As set forth below, the Court need not reach the question of whether debt collector messages that do not reference an attempt to collect a debt violate the FDCPA because the subject message in this case specifically indicated that Defendant was attempting to collect a debt.  However, the Court notes that while the FDCPA's definition of "communication" has been broadly construed, <u>Romea v. Heiberger & Assoc.</u>, 163 F.3d 111, 113 n.2 (2d Cir. 1998), it requires that the debt collector convey information regarding a

debt. 15 U.S.C. 1692a(2) ("The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium."). But see Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 655 (S.D.N.Y. 2006) (Holding that the defendant's voicemail was a FDCPA communication where it "advised the debtor that the matter required immediate attention, and provided a specific number to call to discuss the matter" even though the message did not contain specific information.)[4]

B.  Analysis

The only purported material issue of fact raised by Defendant in opposition to Plaintiff's motion is whether Jessica actually heard a phone message left by Defendant on Plaintiff's answering machine. (See generally Def.'s Br.) However, it cannot be overlooked that in response to Paragraph 17 of Plaintiff's Rule 56.1 Statement, which sets forth the full text of the subject Message, Defendant states: "Admitted that such a voicemail was overheard by Jessica Leriche." (Pl.'s 56.1 Stmt. ¶ 17; Def.'s 56.1 Counterstmt. ¶ 17.) Now, in opposition to Plaintiff's motion, Defendant references Jessica's deposition testimony in which she does not recall the specific contents of the message, does not

---

[4] However, the Foti Court noted that while it would not reach the question of whether a phone message could comply with FDCPA Sections 1692e(11) and 1692(c)(b), "there is some authority suggesting debt collectors could comply with both provisions." Foti, 424 F. Supp. 2d at 659 n.26.

recall whether the message was from the Defendant, and does not recall the substance of the beginning of the message. (Def.'s Br. at 4.)

Defendant fails to note that at a later point during Jessica's deposition, Plaintiff's counsel played the alleged subject message from Defendant that was left on Plaintiff's answering machine. (J. Leriche Depo., Pl.'s Decl. at Ex. B, Docket Entry 24-5, Tr. 69:4-25.) When asked whether the recording refreshed her recollection of the message she heard on September 9, 2013, Jessica responded: "Yes. It is definitely a message that was left on my house voicemail. It sounds exactly like the intro and how it would be played back." (J. Leriche Depo., Tr. 70:2-8.) The Court rejects Defendant's conclusory allegations and attempt to distance itself from the admission in its Rule 56.1 Counterstatement and finds that no genuine issues of fact exist in this matter.

Thus, the Court's remaining determination is whether Plaintiff is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a). The Court shares Judge Dearie's concerns regarding the potential for placing undue restrictions on ethical debt collectors by holding that the FDCPA is violated when a third-party inadvertently overhears a phone message that contains minimal information. See Zweigenhaft, 2014 WL 6085912, at *4. However, unlike the subject message and phone call in Zweigenhaft,

which only identified the defendant as a debt collector and the plaintiff as the intended recipient of the call, the Message stated that "[t]his is a communication from a debt collector attempting to collect a debt," which renders it more analogous to the message at issue in Marisco. The Message constitutes a third-party communication in violation of Section 1692c(b) because it expressly indicates that Defendant, a debt collector, is seeking to collect a debt from Plaintiff.

The fact that the Message contained a disclaimer that it was a private message for Plaintiff that should not be listened to in the presence of others does not obviate Defendant's FDCPA liability. See Friedman, 2013 WL 1873302, at *5 (collecting cases holding that a warning instructing third-parties to stop listening to the phone message does not protect debt collectors from Section 1692c(b) liability). Parenthetically, Defendant does not dispute that Plaintiff is a "consumer" and Defendant is a "debt collector" under the FDCPA. Id. at *3-4 (Two of the threshold requirements for recovery under the FDCPA are that plaintiff is a consumer and defendant is a debt collector.). Accordingly, Plaintiff's motion for summary judgment is GRANTED with respect to liability.

II. Statutory Damages

Individuals who succeed on FDCPA claims are entitled to damages "as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). Factors to be considered by the Court

include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). "The decision whether to award statutory damages under the FDCPA and the size of the award are matters committed to the sound discretion of the district court." Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998).

Courts generally award the statutory maximum in cases involving egregious actions by the defendant. Cook v. First Revenue Assur., LLC, No. 10-CV-5721, 2012 WL 272894, at *2 (E.D.N.Y. Jan. 9, 2012), report and recommendation adopted, 2012 WL 272891 (E.D.N.Y. Jan. 30, 2012) (awarding the statutory maximum of $1,000 in damages where plaintiff demonstrated a "repeated pattern of intentional abuse.") Conversely, courts have awarded less than $1,000 in statutory damages "where there is no repeated pattern of intentional abuse or where the violation was technical." Mira v. Maximum Recovery Sol., Inc., No. 11-CV-1009, 2012 WL 4511623, at *3 (E.D.N.Y. Aug. 31, 2012), report and recommendation adopted, 2012 WL 4581590 (E.D.N.Y. Sept. 29, 2012) (internal quotation marks and citations omitted). See, e.g., Savino, 164 F.3d at 86 (Affirming the award of $500 in statutory damages where the notice at issue did not have a "threatening or abusive" tone.); Dona v. Midland Credit Mgmt., Inc., No. 10-CV-0825, 2011 WL 941204, at *3 (E.D.N.Y. Feb. 10, 2011), report and recommendation adopted,

2011 WL 939724 (Mar. 15, 2011) (Awarding $500 in statutory damages where defendant left a message on plaintiff's answering machine without indicating that it was a debt collector for the purpose of collecting a debt); Mostiller, 2010 WL 335023, at *2 (awarding $150 in statutory damages).

Defendant's conduct in this matter was limited to one phone message that does not rise to the level of egregiousness that would warrant the award of the statutory maximum of $1,000. Indeed, Defendant's actions are limited to one phone message that was inadvertently overheard by a third party and was neither abusive nor threatening. The Court finds that an award of $250 is appropriate given the lack of frequency and unintentional nature of the violation. See 15 U.S.C. 1692k(b)(1). Accordingly, Plaintiff's request for an award of statutory damages is GRANTED to the extent that she is awarded $250.00.

III. Attorney's Fees and Costs

In light of Defendant's request that the Court reserve judgment on Plaintiff's fee application as well as Plaintiff's request for an opportunity to supplement her counsel fee application to include time expended regarding her reply brief, the Court makes no determination on Plaintiff's fee application. (See Def.'s Br. at 6; Pl.'s Reply at 4.) Plaintiff is directed to submit a fee application, which may include time spent preparing

her reply brief, within twenty (20) days of the date of this Memorandum and Order.

## CONCLUSION

For the forgoing reasons, Plaintiff's motion for summary judgment (Docket Entry 24) is GRANTED to the extent that Plaintiff is awarded summary judgment on liability and Plaintiff is awarded $250.00 in statutory damages.

The Court makes no determination on Plaintiff's application for attorney's fees and costs at this time. Plaintiff is directed to file a separate application for attorney's fees within twenty (20) days of the date of this Memorandum and Order. Should Plaintiff fail to file an application for attorney's fees within the time frame set forth above, Plaintiff's request for attorney's fees and costs will be denied with prejudice.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:      December __28__, 2015
            Central Islip, New York